**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARMEN ALVAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | No:     1:08-cv-06784 |
| | ) | |
| vs. | ) | Judge John W. Darrah |
| | ) | |
| FINANCIAL RECOVERY SERVICES INC., | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

ARMEN ALVAREZ (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges

the following against FINANCIAL RECOVERY SERVICES INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Amended complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C.*

   *1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found

   abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by

   many debt collectors, and has determined that abusive debt collection practices contribute to

   the number of personal bankruptcies, to marital instability, to the loss of jobs, and to

   invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt

   collection practices by debt collectors, to insure that those debt collectors who refrain from

   using abusive debt collection practices are not competitively disadvantaged, and to promote

   consistent State action to protect consumers against debt collection abuses.  *15 U.S.C.*

   *1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant conducts business in the state of Illinois, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Addison, DuPage County, Illinois, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

10. Defendant is a national company doing business in the State of Illinois.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6).*

12. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously placed collection calls to Plaintiff at her work seeking and demanding payment for an alleged debt.

14. Despite Plaintiff's repeated requests to stop calling her at work because her employer forbid her to receive calls at work, Defendant continued to place collection calls to Plaintiff at her work.

15. Defendant told Plaintiff's coworkers that it was a family member calling from Puerto Rico.

16. Defendant repeatedly spoke with third parties, Plaintiff's coworkers and brother, in connection with the collection of Plaintiff's alleged debt.

17. Defendant threatened to file a lawsuit against Plaintiff.

18. Defendant threatened to garnish Plaintiff's wages.

19. Defendant used abusive and offensive language by telling Plaintiff that she was "mala baga," which is an offensive nickname in Spanish.

20. Defendant attempted to collect a debt Plaintiff does not owe.

21. Defendant failed to provide Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692c(a)(3)* of the FDPCA by communicating with Plaintiff at her place of employment after Plaintiff told Defendant that her employer prohibits her from receiving calls at work.

b. Defendant violated *§1692c(b)* of the FDPCA by communicating with third parties in connection with the collection of Plaintiff's alleged debt.

c. Defendant violated *§1692d(2)* of the FDCPA by using offensive language that the natural consequences of was to abuse Plaintiff.

d. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

e. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character and amount of the debt because Plaintiff does not owe this debt.

f. Defendant violated *§1692e(4)* of the FDCPA by representing and implicating that nonpayment of Plaintiff's alleged debt would result in garnishment of Plaintiff's wages even though Defendant did not intend to take such action.

g. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff even thought legal action cannot be taken because Plaintiff does not owe the debt.

h. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff even thought legal action cannot be taken because it is beyond the statute of limitations.

i.   Defendant violated *§1692e(10)* of the FDCPA using false representations and deceptive means to collect or attempt to collect a debt, and to obtain information concerning Plaintiff, by telling Plaintiff's coworker's that it was a family member calling from Puerto Rico.

j.   Defendant violated *§1692f(1)* of the FDCPA by attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) because such amount is not expressly permitted by law because Plaintiff does not owe the debt.

k.   Defendant violated *§1692f(1)* of the FDCPA by attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) because such amount is not expressly permitted by law because it is beyond the statute of limitations.

l.   Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the

consumer with the name and address of the original creditor, if different from the

current creditor.

23. As a direct and proximate result of one or more or all of the statutory violations above

Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, ARMEN ALVAREZ, respectfully requests judgment be

entered against Defendant, FINANCIAL RECOVERY SERVICES INC., for the following:

24. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices

Act,

25. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

26. Actual damages,

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15*

*U.S.C. 1692k*

28. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,


By: _/s/ Adam J. Krohn_____
Adam J. Krohn
KROHN & MOSS, LTD.
Attorney for Plaintiff
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
(312) 578-9428
(866) 802-0021 (facsimile)

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ARMEN ALVAREZ, demands a jury trial in this

case.

# EXHIBIT A

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness ................................................ (YES) NO
2. Fear of answering the telephone ................... (YES) NO
3. Nervousness ................................................ (YES) NO
4. Fear of answering the door ........................... (YES) NO
5. Embarrassment when speaking with family or friends (YES) NO
6. Depressions (sad, anxious, or "empty" moods) .. (YES) NO
7. Chest pains ................................................ (YES) NO
8. Feelings of hopelessness, pessimism .............. (YES) NO
9. Feelings of guilt, worthlessness, helplessness ... (YES) NO
10. Appetite and/or weight loss or overeating and weight gain (YES) NO
11. Thoughts of death, suicide or suicide attempts .. YES (NO)
12. Restlessness or irritability ........................... (YES) NO
13. Headache, nausea, chronic pain or fatigue ...... (YES) NO
14. Negative impact on my job ......................... (YES) NO
15. Negative impact on my relationships ............. (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _Family relationships was broken_ _for this kind of harrassment. They harrashme_ _____ _____ _____ _____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: __11/21/08__          _[signature]_
                              Signed Name

                              _Armen Alvarez_
                              Printed Name